## THE PEOPLE *a.* THE ALBANY AND VERMONT RAILROAD COMPANY.

*Supreme Court, Third District; General Term, May,* 1862.

ALLOWANCE.—SUBJECT-MATTER INVOLVED.

The value of the property to be directly affected by the result of an action affords a proper basis for computing the percentage authorized by section 309 of the Code of Procedure, as an allowance in addition to costs, in difficult and extraordinary cases.

*So held,* where the action was brought to restrain the defendants from discontinuing and removing a railroad.

Appeal from an order made at special term granting an extra allowance to the defendant.

The action was brought by the People against the Albany and Vermont Railroad Company, to compel defendant to repair and operate its road between Waterford Junction and Eagle Bridge, a distance of about twenty-one miles. The case was severely litigated. It was difficult and extraordinary, involving large interests and new and difficult questions of law. The value of the property directly affected by the result of the action, exceeded $50.000 in amount. The proceedings are reported, 11 *Ante,* 136; 12 *Ib.,* 171; and 24 *N. Y.,* 261.

*John H. Reynolds,* for the appellant.

*William A. Beach,* for the respondent.

By THE COURT.*—MILLER, J.—By section 308 of the Code, in addition to the allowance provided for by section 307, the plaintiff, upon the recovery of judgment by him in certain actions, is allowed a percentage on the amount of the recovery. By section 309 these rates are to be estimated upon the value of the property claimed, &c., and upon the amount found due

---

* Present, HOGEBOOM, PECKHAM, and MILLER, JJ.

in case of a mortgage foreclosure. The concluding portion of the same section is as follows: "In difficult and extraordinary cases, when a trial has been had, 'except' in any of the actions or proceedings specified in section three hundred and eight, the court may, also in its discretion, make a further allowance to *any party*, not exceeding five per cent. upon the amount of the recovery or claim, or *subject-matter involved.*" It must be conceded that this is a "difficult and extraordinary" case within the meaning of the clause last cited. The "subject-matter involved" in the controversy was the operating and repairing of the road in question. The amount of the subject-matter affected by it and involved in it, was of the value of $50.000. The suit was brought to prevent the removal of property of the road of larger value, and to compel a reconstruction, involving a heavy expense. An injunction was obtained, and the controversy was terminated by a successful defence. It appears to me that this is a case clearly within the intent, meaning, and spirit of the clause above cited, and was of such a character as to authorize an extra allowance. I think, therefore, that the order made at special term should be affirmed, with ten dollars costs of appeal.

---

## BISHOP *a.* EDMISTON.

*Supreme Court, First District; General Term, Oct.,* 1863.

Shipping.—Joint-ownership.—Defect of Parties.—Pleading.

Joint-owners of vessels, not otherwise partners, are in respect to such vessels, tenants in common.

One of joint-owners of a vessel may sue for his share of a demand due such owners, without joining his co-tenant, whose share has already been paid.

Redundant and irrelevant matter, and a demand for unsuitable relief, do not render a pleading a subject of demurrer.*

---

* In Daby *a.* Betts (*Supreme Court, First District; Special Term, February,* 1862), it was *Held,* that a demurrer for defect of parties is allowable only in case of a deficiency not an excess of parties, and that the court would not assume on such demurrer that there was a deficiency of parties, unless it so appeared on the face of the complaint.